UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                                    Case No.: 1-09-41225-dem

RAY REALTY FULTON, INC.,                                      Chapter 11

                Debtor.
--------------------------------------------------------x

## DECISION ON SCOPE OF BREAK UP FEE ON
## DEBTOR'S BIDDING PROCEDURES MOTION

Appearances:

Barton Nachamie, Esq.
Jill L. Makower, Esq.
Todtman, Nachamie, Spizz & Johns, P.C.
Attorneys for Kwang Hee Lee
425 Park Avenue
New York, New York 10022

J. Ted Donovan, Esq.
Goldberg Weprin Finkel Goldstein LLP
Attorneys for Debtor
1501 Broadway, 22nd Floor
New York, New York 10036

Steven J. Cohen, Esq.
Wachtel & Masyr, LLP
Attorneys for the Jackson Group LLC
119 East 59th Street
New York, New York 10022


DENNIS E. MILTON
United States Bankruptcy Judge

## INTRODUCTION

        The matter is before the Court on the motion of the debtor dated July 24, 2009

seeking an Order approving Bidding Procedures and the Break Up Fee and Fixing Notice with

respect to the sale of debtor's assets (the "Bidding Procedures Motion"). Counsel for creditor Kwang Hee Lee submitted an Opposition and a Supplemental Opposition to the Bidding Procedures Motion. At the hearing on the Bidding Procedures Motion on August 20, 2009, counsel agreed that the following two issues issues remained for the Court's determination:

    (a).    Whether a Break Up Fee is warranted in this case, and, if so, in what amount; and

    (b).    Whether payment of the Break Up Fee should be borne by the debtor's estate.

As set forth below, the Court finds a Break Up Fee is warranted in this case; fixes the amount of the Break Up Fee at 3.5% of the $6.5 million purchase price, or $227,500.00; and determines that the payment of the Break Up Fee shall be borne by the debtor as an administrative expense.

    1. The Break Up Fee is warranted in this case.

It is well settled that a Break Up Fee should constitute a fair and reasonable percentage of the proposed purchase price and should be reasonably related to the risk effort and expenses of the prospective purchaser. In re Integrated Resources, Inc., 47 B.R. 650, 662 (S.D.N.Y.1992). In the August 14, 2009 Statement of the Jackson Group LLC (the "Jackson Group"), the purchaser under the Agreement of Purchase and Sale dated July 2009, a representative of the Jackson Group described in some detail the due diligence which the Jackson Group has conducted and the legal services performed at the request of the Jackson Group. The representative further stated that the Break Up Fee was a material part of the negotiations between the Jackson Group and the debtor. Statement of the Jackson Group at 2-3.

In determining the reasonable amount for a Break Up Fee, the Court in In re Integrated Resources, Inc. observed:

> A break-up fee should constitute a fair and reasonable percentage of the proposed purchase price, and should be reasonably related to the risk, effort and expenses of the prospective purchaser.

147 B.R. at 662. The proposed Break Up fee in this case, 3.5% of the $6.5 million purchase price, or $227,500.00, constitutes a component of what induced the Jackson Group to submit a bid that will serve as a minimum floor bid on which the debtor, its creditors, and other bidders may rely. The Court finds that the Break Up Fee in this amount is reasonable and appropriate and represents the best method for maximizing value for the benefit of the debtor's estate.

2. The Break Up Fee Is An Administrative Expense of the Debtor's Estate

The creditor Lee is a 50% owner of the real property which the debtor seeks to sell to the Jackson Group for the sum of $6,500,000.00, subject to higher and better offers. Lee has a right of first refusal pursuant to section 363(i) of the Bankruptcy Code. Section 363(i) provides that "[b]efore the consummation of a sale of property" to which it applies, the co-owner of such property "may purchase such property at the price at which such sale is to be consummated." 11 U.S.C. § 363(i). Lee has further argued that Lee cannot be subjected to payment of the Break Up Fee because such an assessment would deprive him of his statutory rights under Section 363(i) of the Bankruptcy Code. The Court finds that the Break Up Fee in this case is not a cost of sale, as the debtor contends, but an administrative expenses payable by the debtor's estate; it is an actual and necessary cost and expense of preserving the Debtor's estate within the meaning of Sections

503(b) and 507(a)(2) of the Bankruptcy Code.  See, e.g. In re Chrysler LLC, 2009 WL 1360869 (Bankr. S.D.N.Y. 2009);  In re Fortunoff Fine Jewelry and Silverware, LLC, 2008 WL 618983 (Bankr. S.D.N.Y. 2008).   The Court anticipates that the debtor shall take this determination into account when revising the terms and conditions of the Agreement and the Bid Procedures Order.

Dated: Brooklyn, New York
      August 21, 2009

                                              S/Dennis E. Milton
                                              DENNIS E. MILTON
                                              United States Bankruptcy Judge